107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Paul CASE, a/k/a "C"; Andre Moore, Defendants,
Ronald Miller, a/k/a "AB", Defendant-Appellant.
 No. 96-1244.
 United States Court of Appeals, Second Circuit.
 Jan. 23, 1997.
 
 1
 APPEARING FOR APPELLANT: R. William Stephens, Buffalo, N.Y.
 
 
 2
 APPEARING FOR APPELLEE: Joshua Nesbitt, Assistant United States Attorney, Northern District of N.Y., Albany, N.Y.
 
 
 3
 This cause came on to be heard on the transcript of record from the United States District Court for the Northern District of New York and was submitted.
 
 
 4
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 5
 Ronald L. Miller appeals from a sentence of 18 months' imprisonment (primarily) imposed on him after he pled guilty to a charge of conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. Miller apparently was a driver for narcotics dealers in Albany. Judge McAvoy imposed a sentence at the bottom of the guideline range recommended by the probation department and recommended that the Bureau of Prisons place Miller, who has AIDS, in a medical facility.
 
 
 6
 On appeal, Miller contends that he was denied his Sixth Amendment right to effective assistance of counsel when his attorney (1) failed to demand that the government make a motion for a downward sentencing departure under § 5K1 of the federal sentencing guidelines or to bring Miller's cooperation to the attention of the sentencing judge and, (2) without consulting Miller, urged that he be placed in a medical facility, as a result of which Miller was imprisoned out of state where he cannot see his family.
 
 
 7
 Regarding Miller's attorney's lack of attention to Miller's cooperation, the record on appeal does not establish whether there was a basis for a cooperation letter from the government or for an argument to the court beyond defense counsel's mention at sentencing that Miller had been interviewed by government representatives. These claims may be raised in a habeas petition under 28 U.S.C. § 2255, which will allow defendant to enlarge the record.
 
 
 8
 It is also unclear from the record whether defense counsel consulted with Miller before asking the court to remand him to a medical facility. What is clear is that, after noting that he thought it likely Miller would recidivate, the sentencing judge inquired of counsel what he would suggest, in view of Miller's illness, "assuming I were to consider less than placing him in custody" to assure that he would receive adequate medical treatment and "not be in a situation where he can again begin breaking the law by selling drugs or stealing." To this counsel responded that Miller "has been involved in using drugs since 1967," "does anything to get his hands on" drugs, and "should be institutionalized."
 
 
 9
 This colloquy may support a contention of ineffective assistance of counsel. The judge raised the question whether he should consider something less than prison confinement by reason of the defendant's illness, whereupon the defendant's lawyer made statements about the defendant's prior history that are unlikely to have helped him avoid incarceration and urged institutionalization in preference to a more lenient disposition. The present record does not tell why counsel responded in this fashion. A contention based on this colloquy may also be proffered as a basis of a petition under § 2255, which would provide for a hearing to explore the underlying issues of fact. We express no views as to the merits of such a claim.
 
 
 10
 The decision of the district court is affirmed without prejudice to a § 2255 petition alleging ineffective assistance of counsel.